**Adel Fathy GUINDI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74006.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2006.

Decided March 17, 2006.

D. Jade Mundel, Marks & Acalin, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Peachey, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMAS and TALLMAN, Circuit Judges, and FITZGERALD,[*] District Judge.

### MEMORANDUM [**]

Petitioner Adel Fathy Guindi, a native and citizen of Egypt, seeks review of the Board of Immigration Appeals' ("BIA") denial of his application for asylum and withholding of removal based on religious persecution. Because the BIA affirmed without a separate opinion, we review the Immigration Judge's ("IJ") decision as the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4); *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1133 (9th Cir.2004). "We must uphold the [IJ's] decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole,'" and will only "reverse if a reasonable factfinder would be compelled to conclude that the requisite persecution or fear has been shown." *Id.* (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Because there is substantial evidence supporting the IJ's decision, we deny the petition.

The burden is on the applicant for asylum to prove that he is a refugee within the meaning of 8 U.S.C. § 1101(a)(42)(A). 8 U.S.C. § 1158(b)(1)(B)(i). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration. . . ." *Id.* at § 1158(b)(1)(B)(ii). However, "[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id.*

The IJ did not make an adverse credibility finding, but felt that more evidence was needed beyond Guindi's testimony to establish the requisite persecution or fear. Guindi did not provide such evidence, and we cannot "reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless [we] find[ ] that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." *Id.* at § 1252(b)(4). Guindi could have provided affidavits or other corroborating evidence from readily available witnesses. Thus, a reasonable factfinder would not be compelled to conclude that such evidence was unavailable, or that Guindi had sustained his burden of proving that he was a refugee eligible for asylum.

### PETITION FOR REVIEW DENIED.

---

[*] The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.